UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elena Katz, individually and
as parent, next friend, and
co-guardian of Eleonora
Grodman

   v.                                                Civil No. 15-cv-338-LM
                                                                    Opinion No. 2015 DNH 210
Brian McVeigh; et al.


**O R D E R**

In a case that has been removed from the Hillsborough County Superior Court ("HCSC"), pro se plaintiff Elena Katz is suing 29 named defendants in 32 counts, generally asserting claims arising

> out of [her] loss of legal custody of [her] daughter, Eleonora [Grodman], to the New Hampshire [Division for] Children, Youth and Families ("DCYF") in November 2009, followed by efforts by various law enforcement officials to secure physical custody of Eleonora and, ultimately, her placement at a privately run residential rehabilitation facility.

Katz v. McVeigh, 931 F. Supp. 2d 311, 319 (D.N.H. 2013).

Before the court are six motions to dismiss, filed by 19 of the 29 named defendants. Katz objects. For the reasons that follow, defendants' motions to dismiss are granted, and Katz's claims against the 10 remaining defendants are dismissed sua sponte.

**I. The Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the factual allegations in Katz's complaint as true, construe reasonable inferences in her favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and internal quotation marks omitted).

**II. Background**

This case was initiated in the HCSC by a pleading bearing the caption "Plaintiffs' Verified Amended Complaint."  Notice of Removal, Ex. A (doc. no. 1-1), at 5 of 86.  The complaint begins with this sentence: "This is the re-filing of the complaint original[ly] filed in [the] United States District Court for the District of New Hampshire, Docket No. 1:10-cv-00410-JL, in this State court."  Id.  Katz makes the same point in her memorandum of law in opposition to the motions to dismiss:

> This action commenced . . . with the filing of the initial Civil Rights complaint in this District Court.
>
> The filing of this lawsuit in State Court on March 2015 was a continuation of the same action in a state venue, <u>arising from the same nexus of facts</u> and unexhausted claims.

Pl.'s Mem. of Law (doc. no. 25) 22 (emphasis added).

2

True to Katz's characterization of it, the complaint in this case is all but identical to the operative complaint in 10-cv-410-JL.  The only real differences between the two complaints involve the named parties.  The previous case was brought by Katz, Arnold Grodman, and Stuart Grodman, while this case has been brought by Katz alone, in both her individual capacity and her capacity as parent, next friend, and co-guardian of her daughter Eleonora.  In addition, this case includes five named defendants who were not defendants in the previous case: Rockingham County, the Warden of the Rockingham County Department of Corrections, Hitchcock Clinic, Samuel Casella, and Paul Boddy.  However, the facts alleged and the causes of action asserted in both complaints are identical.

10-cv-410-JL culminated in an order in which Judge Laplante granted a combination of Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings that disposed of all 32 of the claims in that case.  See Katz, 931 F. Supp. 2d at 357.  More specifically, the claims that the plaintiffs brought in their individual capacities were dismissed with prejudice, while any claims that were brought in a representative capacity, on behalf of Eleonora, were dismissed without prejudice.  See id. at 334.  The court of appeals affirmed.  See Katz, 10-cv-410-JL, doc. no. 215.

In objecting to defendants' motions to dismiss, Katz contends that "new intervening events and causes of action accrued since this Court dismissed the Plaintiff['s] complaint in March 2012." Pl.'s Mem. of Law (doc. no. 25) 2 (emphasis in the original). That may be, but the fact remains that this court conducted a line-by-line comparison of the complaint in 10-cv-410-JL and the complaint Katz filed in the HCSC, and the claims asserted in the two complaints are the same, word for word. Indeed, the first page of the complaint Katz filed in the HCSC bears the typewritten docket number "1:10-cv-00410-JL," which was scratched out by hand. See Notice of Removal, Ex. A (doc. no. 1-1), at 4 of 86. And, notwithstanding Katz's assertion that new causes of action have accrued, see Pl.'s Mem. of Law (doc. no. 25) 2, including one for malicious prosecution, see Pl.'s Mot. to Remand (doc. no. 21) ¶ 6, she also concedes that she did not include a claim for malicious prosecution in her complaint in this case, see Pl.'s Mem. of Law (doc. no. 25) 18.

### III. Discussion

In the discussion that follows, the court deals separately with the claims Katz has brought in her individual capacity and those she has brought in her representative capacity.

4

A. Individual-Capacity Claims

In their six motions to dismiss, all 19 defendants argue that Katz's individual-capacity claims are barred by res judicata, a doctrine that is also known as claim preclusion.  See Newman v. Krintzman, 723 F.3d 308, 308 (1st Cir. 2013) (describing "claim preclusion" as the modern name for res judicata).  They base their argument on Judge Laplante's dismissal, in 10-cv-410-JL, of the very same claims Katz has brought in this action.[1]  The res judicata defense is meritorious and dispositive.[2]

"According to the doctrine of res judicata, a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." Universal Ins. Co. v. Office of Ins. Comm'r, 755 F.3d 34, 37 (1st Cir. 2014) (citing Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009)).  Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial

---

[1] Katz appears to suggest that defendants' res judicata defense is based in part upon giving preclusive effect to decisions from state-court neglect or guardianship proceedings. See, e.g., Pl.'s Mem. of Law (doc. no. 25) 2, 3, 24-25. Defendants' only argument is that Judge Laplante's decision in 10-cv-410-JL bars Katz from relitigating the claims that were decided against her in that action.

[2] Various defendants raise other arguments, including one based upon Katz's failure to schedule her claims in this case as assets in a 2011 bankruptcy petition. Because defendants' res judicata argument is meritorious, the court need not address any of their other arguments.

5

resources, and . . . encourage[s] reliance on adjudication." Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (quoting Breneman v. U.S. ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004); quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Turning to the specifics of res judicata,

> [t]he three elements . . . are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions."

Hatch, 699 F.3d at 45 (quoting Breneman, 381 F.3d at 38; citing Banco Santander De P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003)).

A claim that is barred by res judicata is not "a plausible claim upon which relief may be granted." Foley, 772 F.3d at 71. As a consequence, a claim that is barred by res judicata is subject to dismissal under Rule 12(b)(6). See, e.g., Hatch, 699 F.3d at 43-44, 49. With respect to Katz's individual-capacity claims against the defendants who have moved to dismiss, those defendants have established all three elements of res judicata.

The order Judge Laplante entered in 10-cv-410-JL granted a combination of motions under Rules 12(b)(6) and 12(c). A dismissal for failure to state a claim upon which relief can be granted, under Rule 12(b)(6), is a final judgment on the merits for the purposes of res judicata. See Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp.

6

v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)).  Similarly, "[a] decision pursuant to a motion under Fed. R. Civ. P. 12(c) is a decision on the merits in . . . the First . . . Circuit[]." Patterson v. Novartis Pharm. Corp., 909 F. Supp. 2d 116, 120-21 (D.R.I. 2012).  Thus, defendants have established the first element of res judicata.  Katz correctly notes that none of the claims in 10-cv-410-JL ever made it to trial.  Nevertheless, those claims <u>were</u> all adjudicated to a final judgment on the merits, which is all that is required to establish the first element of res judicata.

 The second element, sufficient identicality between the causes of action asserted in two different suits, is established "if both sets of claims – those asserted in the earlier action and those asserted in the subsequent action – derive from a common nucleus of operative facts." Silva v. City of New Bedford, 660 F.3d 76, 79 (1st Cir. 2011) (quoting Breneman, 381 F.3d at 38; citing Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994)) (internal quotation marks omitted).  Here, the complaint in 10-cv-410-JL and the complaint in this case both include a 259-paragraph section titled "Factual Predicate," and those two factual recitations are identical.  Moreover, plaintiff herself describes this case as "arising from the same nexus of facts" as 10-cv-410-JL.  Pl.'s Mem. of Law (doc. no. 25) 22.  Indisputably, the two actions arise from a common

7

nucleus of operative facts, which means that defendants have established the second element of res judicata.

The third element, "sufficient identicality between the parties in the two actions," Hatch, 699 F.3d at 45, has also been established.  Fifteen of the 19 defendants who have moved to dismiss Katz's claims in this case were defendants in 10-cv-410-JL.  The four defendants in this case who were not defendants in the previous case, but who have moved to dismiss on grounds of res judicata, are closely enough related to named defendants in the previous action to satisfy the third element of res judicata.  As the court of appeals has explained:

> We, along with other circuits, have long held that claim preclusion applies if the new defendant is "closely related to a defendant from the original action — who was not named in the previous law suit," not merely when the two defendants are in privity. Negrón-Fuentes [v. UPS Supply Chain Solutions], 532 F.3d [1,] 10 [(1st Cir. 2008)]; see id. (collecting cases).

Airframe Systems, 601 F.3d at 17 (citing Hermes Automation Tech., Inc. v. Hyundai Elec. Indus. Co., 915 F.2d 739, 751 (1st Cir. 1990); In re El San Juan Hotel Corp., 841 F.2d 6, 10-11 (1st Cir. 1988); Gambocz v. Yelencsics, 468 F.2d 837, 841-42 (3d Cir. 1972).  A key factor in determining whether a close and significant relationship exists is whether "'the [later] claims were or could have been brought against the original defendant in the original suit' and the subsequent suit tried to hold

related defendants liable on related claims." Airframe Systems, 601 F.3d at 17-18 (quoting Negrón-Fuentes, 532 F.3d at 10).

Here, Rockingham County and the Warden of the Rockingham County Department of Corrections were not named defendants in 10-cv-410-JL. But those entities are closely related to the Rockingham County Sheriff's office, which was a named defendant. The County, as a governmental entity, encompasses the Sheriff's office. The Department of Corrections, like the Sheriff's office, is an agency of the County government. Moreover, the court can discern no reason why the plaintiffs could not have named the two new Rockingham County entities as defendants in 10-cv-410-JL alongside the County entity they did name. Indeed, the facts set forth in the complaint in this case say nothing about those entities that was not set forth in the complaint filed in 10-cv-410-JL.

Similarly, Hitchcock Clinic and Samuel Casella were not named defendants in 10-cv-410-JL. But they are closely related to Sreenivas Katragadda, who was a named defendant. In the complaint in 10-cv-410-JL, the plaintiffs alleged that Hitchcock Clinic employed Dr. Katragadda, an allegation Katz repeats in her complaint in this case. She also alleges that Dr. Casella and Dr. Katragadda were both employed by Hitchcock Clinic and both provided care for Eleonora. And, as with the two new Rockingham County entities, the court can discern no reason why

9

the plaintiffs could not have named Hitchcock Clinic and Dr. Casella as defendants in 10-cv-410-JL. Accordingly, defendants have established the third element of res judicata.

To sum up, as to the claims Katz has brought in her individual capacity, all 19 defendants who have moved to dismiss are entitled to dismissal on grounds of res judicata. As in 10-cv-410-JL, that dismissal is with prejudice.

### B. Representative-Capacity Claims

This case also involves some number of claims brought by Katz in her capacity as parent, next friend, and co-guardian of her daughter Eleonora. In 10-cv-410-JL, Judge Laplante dismissed all the claims that had been brought on Eleonora's behalf. The basis for that dismissal was the rule that "'an individual may appear in federal courts only pro se or through legal counsel,' and not through 'third-party lay representation.'" Katz, 931 F. Supp. 2d at 333 (quoting Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); citing L.R. 83.6(b)). Accordingly, Judge Laplante dismissed the representative-capacity claims without prejudice to their being brought in an action in which Eleonora's representative was represented by counsel.

Here, like the plaintiffs in 10-cv-410-JL, Katz is appearing pro se. Five of the six pending motions to dismiss

10

identify Katz's pro se status as a ground for dismissing her representative-capacity claims. Defendants' arguments on that point are correct, for the reasons stated by Judge Laplante in Katz. See 931 F. Supp. 2d at 333-34. Katz's representative-capacity claims are dismissed. That dismissal, however, is without prejudice to claims being brought, on Eleonora's behalf, by a representative who is represented by counsel.

At this point, the court notes that Katz makes a considerable effort to establish her standing to sue on her daughter's behalf. See, e.g., Pl.'s Mem. of Law (doc. no. 25) 4-16. That issue, however, has no bearing on the question before this court, which is whether Katz's claims are barred by res judicata. Because Katz has devoted so much attention to this issue, it is worth pointing out that Judge Laplante never ruled that the plaintiffs in 10-cv-410-JL lacked standing. He determined that Arnold Grodman, "as guardian of Eleonora's estate" was authorized "under New Hampshire law . . . 'to prosecute or defend actions, claims, or proceedings in any jurisdiction for the protection of [Eleonora's] estate's assets.'" Katz, 931 F. Supp. 2d at 333. But, he ruled that Grodman could not do so without legal counsel. See id. Grodman's (or Katz's) standing to sue on Eleonora's behalf and their ability to do so in federal court without counsel are two separate legal issues.

11

### C. The Remaining Defendants

Only 19 of the 29 named defendants in this case have moved to dismiss. Under ordinary circumstances, the court would dismiss Katz's claims against the 19 defendants who have moved to dismiss and allow her claims against the remaining 10 defendants to continue moving forward. But these are not ordinary circumstances, and the claims against the remaining defendants are dismissed, sua sponte. In making that ruling, the court is aware that "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly." Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22 (1st Cir. 2014) (quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002); citing Gonzalez-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001)).

As for when it is permissible to dispense a sua sponte dismissal:

> The general rule is that sua sponte dismissals of complaints under Rule 12(b)(6) are "erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 14 (1st Cir. 1998). Only where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile" can a sua sponte Rule 12(b)(6) dismissal stand. Chute, 281 F.3d at 319 (quoting Gonzalez-Gonzalez, 257 F.3d at 37) (internal quotation mark omitted).

Garayalde-Rijos, 747 F.3d at 22-23.

12

Given the circumstances of this case, which include two complaints alleging identical facts and asserting identical causes of action, and Katz's own characterization of this case as a re-filing of the case that she and her co-plaintiffs lost before Judge Laplante, it is crystal clear that Katz's claims against the 10 remaining defendants could not survive a motion to dismiss asserting a res judicata defense. Under these unusual circumstances, sua sponte dismissal is warranted. Katz's individual-capacity claims against the 10 remaining defendants are dismissed with prejudice, and her representative-capacity claims against the remaining defendants are dismissed without prejudice to claims being brought, on Eleonora's behalf, by a representative who is represented by counsel.

### VI. Motion to Remand

More than one month after the six pending motions to dismiss had been filed, and nearly a month after the statutory deadline for moving to remand on grounds other than subject matter jurisdiction had passed, see 28 U.S.C. § 1447(c), Katz filed a motion to remand this case to the HCSC. Given this court's ruling on defendants' motions to dismiss, Katz's motion to remand is moot; there is nothing left of this case to remand. However, even if this court were to reach the merits of Katz's motion to remand, it would deny the motion.

The 30-day deadline for moving to remand an improperly removed case is subject to one exception: lack of subject matter jurisdiction, which may be raised at any time.  See 28 U.S.C. § 1447(c).  Katz argues that this court lacks subject matter jurisdiction over this case, but she is mistaken.

In her motion, she characterizes this case as a "refiled action[] [w]hich was dismissed by Fed Court."  Mot. to Remand (doc. no. 21) 1.  When Katz and her fellow plaintiffs filed the case that Judge Laplante dismissed, they necessarily invoked this court's subject matter jurisdiction.  And, while all the defendants in 10-cv-410-JL prevailed, none of them prevailed by arguing that the court lacked subject matter jurisdiction over the claims that had been brought against them.  Rather, Judge Laplante dismissed 10-cv-410-JL under Rules 12(b)(6) and 12(c).  He could not have made those rulings if the court lacked subject matter jurisdiction over the claims he dismissed.

In short, the court had subject matter jurisdiction over the claims in 10-cv-410-JL, and has subject matter jurisdiction over Katz's claims in this case.  Because Katz has no valid argument that the court lacks subject matter jurisdiction over her claims, she has waived any objection to litigating her claims in this court.  See Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110-11 (1st Cir. 2014).

Consequently, if Katz's motion to remand were not moot, the court would be compelled to deny it on the merits.

## V. Conclusion

For the reasons described above: (1) the court grants all six of the pending motions to dismiss, document nos. 5, 7, 8, 10, 11, and 14; (2) Katz's claims against Matel, Weinberg, Doty, Morris, Lovett, Roy, Boddy, Hennessy, Donatelli, and the BPD are all dismissed sua sponte; and (3) Katz's motion to remand, document no. 21, is denied as moot. The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 12, 2015

cc: Elena Katz, pro se
    Corey S. Belobrow, Esq.
    Brian J.S. Cullen, Esq.
    Samantha Dowd Elliott, Esq.
    Paul B. Kleinman, Esq.
    Sabin R. Maxwell, Esq.
    Adams B. Pignatelli, Esq.
    Michael A. Pignatelli, Esq.
    Kenneth A. Sansone, Esq.
    Donald L. Smith, Esq.
    Nancy J. Smith, Esq.